UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARILYN D. AGOSTINO,

|                                      |                          |
|--------------------------------------|--------------------------|
| Plaintiff,                           | Case # 18-CV-1391-FPG    |
| v.                                   | DECISION AND ORDER       |
| COMMISSIONER OF SOCIAL SECURITY,     |                          |
| Defendant.                           |                          |

## INTRODUCTION

Plaintiff Marilyn D. Agostino brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 7, 10. For the reasons that follow, the Commissioner's motion is GRANTED IN PART and DENIED IN PART, Agostino's motion is GRANTED IN PART and DENIED IN PART, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

In October 2014, Agostino applied for DIB with the Social Security Administration ("the SSA"). Tr.[1] 98. She alleged disability since December 2013 due to back injury, neck injury, whiplash, migraine headaches, sensitivity to light and sound, and difficulty walking. Tr. 98-99. On August 4, 2017, Administrative Law Judge Elizabeth Ebner ("the ALJ") held a hearing. Tr.

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 5.

44.  On September 28, 2017, the ALJ issued a decision finding that Agostino is not disabled.  Tr.

15-34.  On October 4, 2018, the Appeals Council denied Agostino's request for review.  Tr. 1-4.

This action seeks review of the Commissioner's final decision.  ECF No. 1.

## LEGAL STANDARD

### I.      District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the

SSA's conclusions were supported by substantial evidence in the record and were based on a

correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks

omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is

"conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence

means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)

(quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the

claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks

omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990)

(holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are

conclusive if supported by substantial evidence).

### II.     Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is

disabled within the meaning of the Act.  *See Parker v. City of New York*, 476 U.S. 467, 470-71

(1986).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful

work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ

proceeds to step two and determines whether the claimant has an impairment, or combination of

impairments, that is "severe" under the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.  The ALJ's Decision

The ALJ analyzed Agostino's claim for benefits under the process described above.  At step one, the ALJ found that Agostino had engaged in substantial gainful activity from March 27, 2015 to December 31, 2016.  Tr. 18.  She therefore found that "there has not been a continuous 12-month period in which [Agostino] did not engage in substantial gainful activity since March 27, 2015."  Tr. 19.  The ALJ limited her subsequent analysis to the period prior to Agostino's return to work.  *Id.*

At step two, the ALJ found that Agostino has the following severe impairments: obesity, knee arthritis, cervical spondylosis, mild lumbar degenerative disc disease, headaches, gastro-esophageal reflux disease, affective disorder, and anxiety disorder.  *Id.*  At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment.  Tr. 20.

Next, the ALJ determined that Agostino retains the RFC to perform light work[2] with additional restrictions.  Tr. 23-24.  At step four, the ALJ found that Agostino has no past relevant work.  Tr. 32.  At step five, the ALJ found that Agostino can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience.  Tr. 32-33.  Accordingly, the ALJ concluded that Agostino is not disabled.  Tr. 33-34.

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

## II.    Analysis

As an initial matter, Agostino makes no argument that the ALJ erred when she concluded that Agostino engaged in substantial gainful activity—and therefore could not be deemed disabled—after March 27, 2015.  *See Rogers v. Colvin*, No. 13-CV-1185, 2015 WL 1292501, at *2 (N.D.N.Y. Mar. 23, 2015) ("If the claimant is engaged in substantial gainful activity, she is not disabled and the inquiry ends.").  Accordingly, the ALJ's decision in that respect is affirmed.  The Court limits its analysis to the disputed period between onset in December 2013 and Agostino's return to work in March 2015.

Agostino argues that the ALJ erred when she crafted an RFC without the benefit of any medical opinion.  The Court agrees.

The ALJ concluded that Agostino could perform light work with a variety of highly specific additional limitations: for example, she could lift, carry, and push ten pounds frequently; stand for 45 minutes so long as she had the freedom to sit for one-to-two minutes while on-task; frequently reach, handle, and finger; and occasionally be exposed to humidity, dusts, pulmonary irritants, and bright lights. Tr. 23.  In terms of mental limitations, Agostino could occasionally interact with coworkers and the public and would be off-task up to five percent of an eight-hour workday.  Tr. 23-24.

The ALJ did not rely on any medical opinion to craft the RFC; instead, she derived these limitations from her own review of the treatment notes, Agostino's testimony, diagnostic results from x-rays and EKGs, and clinical findings.  Tr. 24-31.  But it is well-established that an "ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence."  *Williams v. Berryhill*, No. 18-CV-283, 2017 WL 1370995, at *3 (W.D.N.Y.

Apr. 17, 2017). In other words, an ALJ's ability to make inferences about the functional limitations that an impairment poses does not extend beyond that of an ordinary layperson. While an ALJ may render "common sense judgment[s] about functional capacity," she must avoid "the temptation to play doctor." *Id.*

In this case, the ALJ ran afoul of this principle. A few illustrations will suffice. The ALJ discounted Agostino's reports that her migraine headaches are related to her neck pain because "imaging of her cervical spine . . . demonstrated stable findings of 'mild' cervical spondylosis." Tr. 31. The ALJ opined that Agostino's obesity would only "exacerbate her mild lumbar degenerative disc disease" and knee arthritis to a limited extent. *Id.* In fashioning the RFC, the ALJ inferred from Agostino's reports of neck and left shoulder pain that she could only frequently reach, handle, and finger. Tr. 32. The ALJ also found that Agostino's mental impairments limited her to "occasional interaction with coworkers and the public." *Id.* And the ALJ concluded that Agostino's "obesity in the context of her mild lumbar degenerative disc disease and mild to moderate knee arthritis requires that she have the freedom to sit for one to two minutes after standing for 45 minutes." *Id.*

It is unclear to the Court how the ALJ, a layperson, could make these sorts of conclusions and inferences. It is simply not a common-sense inference that Agostino's lumbar and knee problems, in conjunction with her obesity, would render her able to stand for 45 minutes at a time so long as she could sit for one to two minutes. That is a more complex medical determination that requires a level of expertise that the ALJ does not have. *See, e.g.*, *Williams*, 2017 WL 1370995, at *3-4 (collecting cases). So it is with many of the nonexertional limitations the ALJ found.

Remand is ordinarily appropriate where, as here, the record lacks a "useful assessment" of the claimant limitations. *Freeman v. Comm'r of Soc. Sec.*, No. 18-CV-6008, 2019 WL 2016585, at *5 (W.D.N.Y. May 8, 2019). The Court finds that remedy appropriate in this case: without a competent medical opinion, the ALJ lacked a complete record on which to judge Agostino's application. *See Lilley v. Berryhill*, 307 F. Supp. 3d 157, 160 (W.D.N.Y. 2018).

The Commissioner disputes that remand is appropriate or necessary in this case. In essence, the Commissioner argues that the gaps in the record are Agostino's fault. She missed several consultative examinations, her treating physicians failed to respond to the SSA's inquiries, and, ultimately, it was her burden to establish disability. ECF No. 10 at 13-17.

The Court is not persuaded. While the regulations permit an ALJ to find that a claimant is not disabled if the claimant fails or refuses to take part in a consultative examination, 20 C.F.R. § 404.1518(a), the ALJ did not rely on that provision to deny Agostino's claim. The Court may not affirm the ALJ's decision based on the Commissioner's *post hoc* rationalization. *See Black v. Berryhill*, No. 17-CV-557, 2018 WL 4501063, at *6 (W.D.N.Y. Sept. 20, 2018). Similarly, although the ALJ may render a decision based on the available evidence after the SSA has made reasonable efforts to obtain additional evidence, *see* 20 C.F.R. § 404.1520b(b)(3), that does not entitle an ALJ to employ incorrect legal standards or make unqualified medical determinations.

Finally, the Commissioner asserts that any error is harmless, insofar as Agostino has not identified "any evidence to support greater limitations than already accounted for in the RFC finding." ECF No. 10 at 21. But given the lack of any competent medical opinion, the Court, like the ALJ, is not in a position to assess the extent of functional limitation posed by Agostino's impairments. *Cf. Reyome v. Comm'r of Soc. Sec.*, No. 16-CV-6446, 2018 WL 3721159, at *10 (W.D.N.Y. Aug. 6, 2019) (rejecting the Commissioner's argument that failure to review evidence

related to shoulder injury was harmless, where there was "no medical opinion evidence in the record concerning the effect . . . of the shoulder injury on [claimant's] ability to work"). As such, the Court cannot presently conclude that a finding of not disabled is the only reasonable conclusion to be drawn from the record. *See Wettlaufer v. Colvin*, 203 F. Supp. 3d 266, 281 (W.D.N.Y. 2016) (noting that an error is harmless where "application of the correct legal principles to the record could lead to only one conclusion").

Accordingly, for the period between December 2013 and March 2015, the case is remanded for further proceedings consistent with this opinion. The SSA shall make reasonable efforts, consistent with the regulations, to fill the identified gaps in the record. This Order does not require the SSA to take action beyond that generally required under the regulations, nor does it preclude the SSA from taking adverse action on Agostino's application to the extent she does not cooperate. *See, e.g.*, 20 C.F.R. § 404.1518(a).

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED IN PART and DENIED IN PART, and Agostino's Motion for Judgment on the Pleadings (ECF No. 7) is GRANTED IN PART and DENIED IN PART. The ALJ's decision is affirmed as it relates to the period on and after March 27, 2015. As it relates to the period between onset and March 27, 2015, the ALJ's decision is vacated and the case is remanded for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: January 8, 2020
     Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

8